The next case is number 08-1198, Abbott Labs v. Johnson and Johnson. Mr. Hanson. Thank you, Your Honors, and may it please the Court. This case presents an excellent vehicle for this Court to give guidance to the District Courts in light of Metamine and Micron. Unless the District Court's court order is reversed, two separate actions will proceed simultaneously on the same patents and for the same product in two separate District Courts, one in Delaware and one in New Jersey. At this point, neither District Court has made any substantive decisions or determinations. Both Courts have scheduled a claim construction briefing to conclude in March of next year, and sometime after that, presumably, they will begin construing the claims that have been asserted against this product in these two separate proceedings. But at this point, no substantive determinations have been made. Are the patents different? No, the patents are exactly the same. The patents asserted against Boston Scientific in Delaware are exactly the same patents that are asserted against Abbott in New Jersey, and the product is also the same. The product is manufactured by Abbott and sold by both entities under different names, but the product is identical. So we have two simultaneous, concurrent District Court proceedings where the same patents and the same product are issued. I always thought the appropriate procedure, if there was litigation in more than one district, was through the rules for a multi-district litigation, rather than appealing one or the other to the appellate court and asking for a choice, when both forms, both venues, comply with the rules of choosing a forum. In this instance, Your Honor, we believe that the District Court in Delaware, where Abbott originally brought two declaratory judgment actions, improperly dismissed those declaratory judgment actions, which has left us in this situation of having two concurrent proceedings, and Abbott appeals from the dismissal of those two declaratory judgment actions. In the first action, the District Court dismissed, based on lack of case or controversy and view of a covenant not to sue, that was executed by a courtesan. Well, that's the whole story, isn't it, regarding the Delaware action. It's a covenant not to sue. There's no case of controversy. And how can it be the same patents being litigated in New Jersey? There's a covenant not to sue with respect to the earlier patents. It's a very perceptive question, Your Honor. Thank you. In the original declaratory judgment action in Abbott, there were three patents at issue. Three patents that were identified by Abbott in the original declaratory judgment action. Court has moved to dismiss alleged lack of case or controversy. The parties conducted discovery pertaining to that narrow question for several months and then completed the briefing on that original motion to dismiss. In the meantime, three new patents issued. Those new patents are directly related to the original patents, and the claims in substantive aspect are virtually identical. There's no material difference. Sounds like double patenting. And the Patent Office correctly found double patenting, and they courted us over keenness by filing terminal disclaimers. But the claims are closely related. Court has not identified any material differences between the new claims and the old claims, particularly as applied to the Abbott product at issue here. So after the parties had conducted discovery for months on the original motion to dismiss for the original three patents, and after three new patents had issued, and after Abbott had, on the very day that each new patent issued, Abbott moved to supplement, and those motions had all been briefed, they'd been submitted to the court, they'd been on the court's docket for more than two months. And at this juncture, the district court issued an order instructing the parties to submit a pre-trial, a proposed pre-trial scheduling order to make initial disclosures and begin preparing to do discovery. Their reappearance was that the district court was prepared to deny this motion to dismiss, the original motion to dismiss. At this juncture, after all of this had taken place, courts came in, executed a covenant not to sue for the original three patents. The covenant on its face states that it does not apply to the new patents. And then on the basis of that covenant not to sue, filed a second motion to dismiss, and the second motion to dismiss in that original declaratory judgment action is the one from which we appeal as it pertains to that action. That covenant not to sue did not resolve the controversy as it stood at the time Cordes executed the covenant. Cordes had complete control over the timing of that covenant. It's not beholden upon them to give us a covenant. But if they were going to do so, I respectfully submit that they should have done so before the parties had conducted discovery for months on the original patents, on the narrow question of whether there was a case or controversy, and expended all of this time and energy briefing that very issue for the district court, and then briefed the motions to supplement for the new patents, and all of this taking place before Cordes decides now. That's not, doesn't sound like a ground on which we can overrule the district court. You may say it's not nice or it's not good litigation conduct, but it's not, it doesn't indicate an error on the part of the district court in abuse of discretion. I would say, Your Honor, that the error is that the grounds for dismissing the first declaratory judgment action was lack of case or controversy. That was the grounds for dismissing the action. And there was, at all relevant point in time, a controversy. And the covenant not to sue did not resolve that controversy. But as to the patents which were subject to the covenant not to sue, what can be the remaining controversy? It was past, present, or future as far as those patents were concerned. Yes, Your Honor. Is it not? Yes. As to those original patents, the covenant not to sue resolved the controversy. But as to the controversy between the parties as a whole, as it stood at the time that Cordes executed the covenant, it did not resolve the controversy. Because the three new patents had issued with claims that were substantively identical to the claims of the old patents, and it was no more, was still under the same cloud that they had always been under. Well, they weren't in this case. They hadn't issued yet. The district court initially didn't have any jurisdiction over unissued patents. Right. And once they were issued after the covenant not to sue, when the original ones were, he didn't supplement, he didn't allow them in. And now they're available to you in another court, so you still have access. But I don't quite follow. In view of review, the only way to ignore the new patents at the time of covenant not to sue is, I don't think that this should turn on which order the judge happens to take up the motions. The correct rule of law would be, as to a covenant not to sue, is to look at the totality of the circumstances at the time the covenant is executed. At the time the covenant is executed. You can try the issue with respect to these new patents. Seems to me all this legal spinning and legal skirmishing, the issue is whether you're infringing those three patents, and the case is brought in New Jersey. It was a decision that the case was filed first in New Jersey rather than Delaware. And don't try it on the merits. We do want to try it on the merits, Your Honor. But what was happening here was what this court and other courts have characterized as a dispute about which venue, which forum, this dispute will be resolved. And on the day that the new patents issued, Abbott did two things. As each new patent issued, we did two things. First, we filed a motion to supplement in the original case. That motion, as I stated before, was fully briefed and before the court, before the motion, before the covenant not to sue was executed. On the same day, Abbott also filed a, in the alternative, a new declaratory judgment action in Delaware. Cordes also filed in New Jersey on the same day. There's a dispute about who was first to file it. The district court found that by a matter of hours, Cordes was first to file because in New Jersey at the time you could file complaints electronically, whereas in Delaware at the time you had to wait until the courthouse opened. I submit it shouldn't turn on those type of factors. And this court has made it clear in the Micron case that setting aside the first declaratory judgment action, which should not have been dismissed for lack of case or controversy, and focusing now on the second declaratory judgment action in Delaware, as to the action in New Jersey and the action in Delaware and which court it should proceed in, the court in Micron made it clear that a transfer analysis should have been conducted. The district court, pre-Micron, without the guidance of Micron, relied exclusively on the first-to-file rule. We believe that the court incorrectly determined that Cordes was first to file. But setting that aside— But if they are first to file, which I would think would be something that would be necessary to be considered on your argument, if they are first to file, then you have a large hurdle to overcome when there is no argument about entitlement to bring that suit in New Jersey in terms of convenience or whatever else might also be invoked to challenge the form. There is very much an argument about which of these two district courts is the most suitable form for this litigation. And under the Micron— What is the significant difference between the two? You can almost walk between the two of them. And I agree. So some of the factors that you'd usually look to are a draw. What's the big problem? The big problem is twofold. First, there is the litigation, the parallel litigation with Boston Scientific that is in Delaware and will remain in Delaware. And one of the factors that was expressly recited by the Micron panel that should be considered in this transfer analysis is consolidation with related litigation. We have the same patents, the same product on the same—the courts with the same schedule in two different district courts. But that was declined, and isn't that reviewed on a discretionary basis? I'm sorry, Your Honor? The consolidation in Delaware, where it was rejected by the Delaware courts. The Delaware court refused Cordes' motion to transfer the Boston Scientific case to Delaware. If this case, the Abbott case, had always remained in Delaware, then both cases would be before the same judge in the same court as they ought to be. The other compelling reason that's at issue here is that the Delaware court, and Judge Robinson, Judge Sue Robinson in particular, has considerable experience. This is a factor that can and should be considered in transfer analysis, such as the Micron court suggested, has considerable experience. Well, the judge in New Jersey doesn't have it. The judge in New Jersey has none. Right. There's no other judge— You're not capable of putting that out there. Obviously, Your Honor, I wouldn't say that the judge is not— But you're saying that. That's what you're saying. I'm saying that one judge has more experience than the other. I'm not comparing the inherent capabilities of the judge. But the judge in Delaware has considerable experience with this particular technology, considerable experience with patent litigation involving these parties and this particular technology. And much of that experience is because Cordes has previously selected Delaware as their preferred forum for litigation of this type, patent litigation, relating to this type of technology. But wasn't it Judge Robinson who declined to stay or act or whatever to stay the New Jersey litigation or prohibit it? To the extent that that ruling is available to a district judge, I'm not sure. And we believe, Your Honor, that in doing so, she committed at least two errors. First of all—and I don't want to fault Judge Robinson for this—but she was, pre-Micron, relying almost exclusively on the First to File Rule. Micron says that may be a factor to be considered. But Micron also suggests that in a situation like this, if you set aside the first declaratory action, what you have is, as each patent issued, Abbott's filing on the same day, as soon as the courthouse opens in Delaware, and Cordes' filing on the same day, as soon as the strike of midnight, presumably, although we do not think that that was a complete filing at that point, but both parties are filing, presumably, as early as they can on the very day the patent's issued. Under that situation, I think this Court has correctly recognized that the rule of law should not encourage races to the courthouse. There ought to be something predictable here where, on some intelligent, rational basis, the parties should be able to predict which of these forms would be preferred over the other and select that particular form. And in this instance, you have New Jersey, which has no experience whatsoever with the technology or with this type of litigation in Delaware, which has a vast and unequaled amount of experience. Can you assume that Judge Robinson assumed or concluded that her colleague in New Jersey was capable of handling this? You said we should be considering that these judges don't have the same capabilities. Presumably, if you're right, she did consider that and figured it was perfectly fine for whoever it was in New Jersey to handle it. I don't believe she considered that, Your Honor. Well, she didn't articulate it, and I don't think we will either. I can't imagine that that's really a valid consideration. We presume all the district court, district district judges can do their jobs in any kind of a case they're presented with. I do also believe that the case law makes clear, and the Micron decision and others, that one of the factors that should be considered is the experience of one court versus another with the technology in question. And on that point, there's really no dispute. As to all the other factors that you might consider in a transfer analysis, I would say that it's a draw. But as to that particular issue, there's really no question. And I don't believe that Judge Robinson considered that fact because she felt constrained by the first to file rule, which post-Micron, it's clear that she should not have been constrained by that rule and that she should have conducted what would be more the equivalent of a motion to transfer brought by Cordes to New Jersey. Let's hear from the other side. We'll save you some rebuttal time. Mr. Troll. Thank you, Your Honor. May it please the Court. Is your position that the litigation should go forward in both forms? Well, Your Honor, for the time being, I think that's clearly the right answer. As Mr. Hanson pointed out, the cases are on identical schedules. The parties have coordinated discovery efforts, so there's not duplication of effort here. What Judge Robinson did was sort of a classic docket management type decision. She was presented with the fact that she did not, by the way, contrary to what Mr. Hanson said. But they're also on identical patents. They're on identical patents. Identical issues, identical accused products. Identical accused products. There are some differences in the issues, however, Your Honor, because there are different alleged infringers, and there are inducement claims and there are willful infringement claims. So I'm not denying that there's a lot of overlap between the cases, but they are not identical cases. There clearly will be differences. But the control of providing a second forum to litigate what is the identical patents, the identical claims, the identical products, whether or not there's an intermediary in a question of inducement is a different question as to whether there is or isn't infringement. The control now of providing a second forum was yours. They were already there in Delaware. Well, they were there in Delaware, Your Honor. Let me make sure we get the sequence of events here correct. Abbott filed suit first in Delaware on patents that everybody agrees there is no case or controversy as to those patents. If there was any doubt about that before the covenant not to sue eliminated that doubt. So those patents, that filing is irrelevant. The patents that are in dispute hadn't even issued at that point, so there can't be a case or controversy as to them before that issue. They issued. Was the covenant not to sue issued and released before any of the three patents had issued? No. The covenant not to sue was provided after the new patents issued, but, of course, the covenant not to sue applied only to the old patents. So then the new patents issued and Cordis filed suit first in New Jersey. There's a finding of fact on that. That's a fact issue. There was really no basis to challenge the finding that Cordis filed suit first. Then Abbott filed suit later, shortly thereafter, eight hours, nine hours, something like that, in Delaware on those new patents. So now you have the two cases on the new patents. Cordis filed first in New Jersey. Abbott filed second in Delaware. After that, Boston Scientific filed a separate case against Cordis on these patents. Cordis never sued Boston Scientific, so there's no second filed action at all with respect to Boston Scientific. So this is the situation confronting Judge Robinson. She's made a finding about the first filed case. She did not, contrary to what Mr. Hanson said, feel constrained by the first to file. Well, she recognizes in her opinion that there are reasons to set aside the first file preference, and she describes it as a preference. But she found that this was not the kind of case in which an exception should be made, and so she said the New Jersey case should proceed. The Delaware case between Abbott and Cordis should not. In the separate Boston Scientific case, she applied essentially the same analysis, but because of differences between the cases, she came out differently. In the Boston Scientific case, you had a Delaware corporation filing suit in its home forum. There was no second filed suit to be considered at all because Cordis had not filed a suit, and she said for the time being, this case, the Boston Scientific case, will remain here, but I may revisit the transfer issue as circumstances change. So what she's doing is managing her documents. I'm going to keep this case. The other case will be in New Jersey. We'll see how things go. If Cordis wants to renew the transfer motion after circumstances have changed, if they have, I'll consider it. Presumably if Abbott sees fit, it will file a transfer motion in New Jersey, but this is what district judges do. They manage their dockets, and there's no basis to conclude that there was an abuse of discretion here by Judge Robinson in concluding that the first filed case, in this case Cordis' case in New Jersey against Abbott, should proceed. And let me touch on a couple of the other factors here. Judge Mayer, as you pointed out, Judge Robinson did not articulate a full transfer analysis in her opinions, and we don't dispute that. However, the parties that presented her with the facts and the arguments, she expressly indicated that she had considered the parties' arguments. Among other things, Cordis has substantial operations in New Jersey. Judge Robinson noted that much of the work that led to the patents that are actually in dispute was done there. The inventors lived there. So to the extent that there is a preference for one court or the other in terms of the subject matter of the action, we submit it is the New Jersey court. In all candor, the convenience and efficiency factors here are not going to weigh heavily in favor of either court. The courthouses are about 60 miles apart, so I don't think either side can credibly claim that they're going to be greatly inconvenienced by one forum or the other. So, again, what this comes down to really is just a classic docket management type decision. And in the Third Circuit, in which both Delaware and New Jersey are situated, the Third Circuit requires what they call the clear showing of prejudice or injustice before it will overturn a docket management decision. That's from the fine paper case. And we just clearly do not have that here. So if the court has no other questions, I will yield the rest of my time. Thank you, Mr. Keller. Mr. Hanson, you have a couple of minutes. Thank you, Your Honor. With respect to the second declaratory act, the judgment action, and the micron analysis that should have taken place but the micron decision hadn't issued yet, I want to make it clear that if you compare the district court's analysis of the motion to transfer the Boston Scientific case and the sua sponte dismissal of the Abbott case, it is clear that the district court did not conduct the same analysis. It was not the same analysis. She clearly felt constrained, Judge Robinson, by the first-to-file rule as it applied to the Abbott case. She did not apply a transfer analysis as the micron court has stated that should have been the case. There were factual findings that she may have made, but in making those findings, if she was applying the wrong law, and post-micron, it is clear that she was applying the wrong law, then it is, by definition, an abuse of discretion for her sua sponte to dismiss the second declaratory judgment action without conducting a proper transfer analysis. We believe she did conduct a transfer analysis in response to Cordes' motion to transfer the Boston Scientific case, and there she found that the case should remain in Delaware. The factual findings that Mr. Trello described her making were in the Boston Scientific case, where she was performing a transfer analysis. No such findings or discussion is found in the Abbott case, where she felt constrained by the first-to-file rule. Second, and with respect to the first declaratory judgment action, if it's possible, this is, in sum, what happened. The original patents were asserted against us, privately and publicly. A cloud over our head. New patents, petitions to make special, new applications in the patent office. But no one disputes that the claims are substantively, as applied to our product, identical. And it would defeat the entire purpose of the declaratory judgment statute if Cordes could then, after having asserted the original patents against us, get a covenant not to sue on those patents, and after the new patents have issued, and only after they've issued, and thereby pretend to resolve the entire case in controversy between the parties. It creates an incentive to manipulate, to get one set of patents and a parallel set of patents, to assert these, put a cloud over your competitor, and then when they file the declaratory judgment, pull the rug out from under those, and keep the other ones out there, either as a cloud, or as a basis to pick your preferred forum. In New Jersey, in this case. If it was a cloud, presumably you'd have a case. If it was just the fact that you don't like where it's being tried, I mean, you are going to have to be able to try the case and resolve it. At this juncture, that is true. But the rule of law, as it pertains to a covenant not to sue, would also have to apply in a situation where having asserted the original patents against us, both privately and publicly, and then granting a covenant not to sue after the new patents issue, the rule of law would have to contemplate that they may not, at that juncture, file in their own preferred forum, that they may keep those patents in abeyance over holding a cloud. If you treat them as separate controversies, when the patents are so closely related, then every time a new patent issues, we have a new race to the courthouse. Okay. We understand the issue. We'll do our best with it. Okay. Thank you, Mr. Hanson and Mr. Trellick. The case is taken into submission. That concludes the cases that are being…